LAW OFFICES OF SHALOM RUBANOWITZ, INC.
SHALOM RUBANOWITZ, Bar #: 176544
124 North La Brea Avenue
Los Angeles, CA 90036
Tel: 323-931-4007 Fax: 323-931-7514
Attorneys for Movant

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE

In re: **Hameed Abdul**, **Hameed M Naila**
　　　　　　　　　　　　　　　Debtors

ASSET MANAGEMENT HOLDINGS, LLC,
　　　　　　　Movant
Vs.
**Hameed Abdul**, **Hameed M Naila, Debtors**, and **Doris A. Kaelin**, Chapter 7 Trustee,
　　　　　　　Respondents.

CHAPTER 7

CASE NO. 19-51412
R.S. NO.: SHR-001

**MOTION FOR AN ORDER DETERMING THAT NO STAY IS IN EFFECT OR IN THE ALTERNATIVE FOR IN REM RELIEF FROM STAY**

DATE: August 16, 2019
TIME: 10:00 a.m.
CTRM: 3020 (San Jose)

Moving Party, ASSET MANAGEMENT HOLDINGS, LLC ("AMH", "Secured Creditor" or "Movant" herein), moves this Court for an Order granting relief from the automatic stay so that moving party and its Trustee may commence and continue all acts necessary to foreclose under the Deed of Trust secured by the Debtor(s') property, commonly known as 5202 Silvercrest Ridge Court, San Jose, CA 95135 ("Property" herein), and to otherwise exercise its rights under the subject deed of trust and promissory note secured by the subject Property. Secured Creditor further alleges as follows:

states as follows:

1. Jurisdiction of the court is founded upon 28 U.S.C. § 151 and 11 U.S.C. § 362.

2. On or about July 15, 2019 Debtor and Respondents **Hameed Abdul**, **Hameed M Naila** (hereinafter Debtors") voluntarily commenced a case under Chapter 13 of the Bankruptcy Code. The filing of the Petition commencing said case purports to stay certain acts and proceedings against Debtor or the property of Debtors.

3. **Doris A. Kaelin** is the duly appointed trustee of Debtor's estate in the proceedings arising from the filing of the Debtor's Petition and is included as a Respondent herein pursuant to Bankruptcy Rule 9013.

4. Upon information and belief, Secured Creditor alleges that Debtor claims an interest in certain real property commonly known as 5202 Silvercrest Ridge Court, San Jose, CA 95135 (hereinafter the "Property").

5. Secured Creditor is the holder of a Home Equity Line of Credit Agreement ("Note") and is the current beneficiary of a Deed of Trust describing the Property securing said Note (hereinafter the "Deed of Trust"). True and correct copies of the Note and the Deed of Trust are attached hereto and are incorporated herein by this reference.

6. At the time of Debtor(s) Petition in bankruptcy, the outstanding principal balance of unpaid Principal and interest under the Note was $54,999.04 and the Note was delinquent in the amount of $35,957.94 (missed payments prior to and at loan maturation on November 1, 2017, late fees, foreclosure fees, legal fees, advances). Debtor has defaulted in payment obligations as provided under the Note. Since the date of the Debtor(s) Petition, additional payments, fees, late charges, and costs have become due and owing by Debtor(s) and the subject Property. The outstanding post-petition balances, delinquent payments, and other charges of all known liens against the Property are set forth as follows:

/ / /

/ / /

/ / /

| | |
|---|---:|
| A. APPROXIMATE PRINCIPAL AMOUNT DUE: | |
|    Trust Deed: (Movant's Lien) | = $59,999.04 |
| Senior Lien: Towd Point Mortgage Trust 2019-1, U.S. Bank National Association, as Indenture Trustee and serviced by Select Portfolio Servicing, Inc. ("SPS"). | = $1,145,882.68 |

B. APPROXIMATE DELINQUENCY ON ABOVE INDEBTEDNESS:

Pre-Petition Delinquency:

| | |
|---|---:|
| 108 installment payments From October 1, 2008 thru October 1, 2017 Along with matured balance as of November 1, 2017 through July 15, 2019 | =$ 27,748.73 |
| Late Fees Balance | =$7.80 |

Post-Petition Delinquency:

| | |
|---|---:|
| Continued Missed Maturity Payments (Note Matured 11/1/17) Due as of August 1, 2019 and accruing interest at $297.45 per month | =$ 297.45 |
| Advances: (Foreclosure Fees, Legal Fees, Costs) | =$ 7,351.41 |
| Attorney's Fees/costs Associated with this motion | =$1,614.00 |
| Court Costs: | =$181.00 |
| **TOTAL OF ACCRUED DELINQUENCY:** | **=$ 46,652.05** |

| | |
|---|---:|
| C. TOTAL OF PRINCIPAL AND DELINQUENCY ON ABOVE INDEBTEDNESS: (LOAN MATURED 11/1/17-ALL PRINCIPAL BECAME DUE AND DELINQUENT) | **=$ 106,651.09** |

Furthermore, the loan has matured, and interest continues to accrue monthly. *Nonbankruptcy law requires that the debtor shall be given, and in fact was given, a statement, payment coupon, invoice or other comparable document advising debtor or trustee as to any post-petition payments allegedly not made by the debtor.*

7. **BAD FAITH: THIS IS THE 4th OF A MULTIPLE BANKRUPTCY CASE FILING SCHEME ARTFULLY DESIGNED BY DEBTORS TO AVOID LAWFUL FORECLOSURE.** **This is the 4th bankruptcy to affect the subject property as of December 31, 2018—all within less than one year of each other. The herein 4th bankruptcy was filed on the day before a (re)scheduled foreclosure sale. The first bankruptcy was filed just 2 days before the originally held foreclosure sale. The second bankruptcy was filed a day before a scheduled sale. The third bankruptcy was similarly filed a day before a scheduled sale.** The history of the ongoing and serial bankruptcy filings affecting the subject property is detailed as follows:

   a. **The first Bankruptcy was also a Chapter 13 filing that was filed on December 31, 2018 as case number 18-52863. A foreclosure sale was set for January 2, 2019, JUST 2 DAYS AFTER THE FIRST BANKRUPTCY FILING. In light of that bankruptcy, the foreclosure sale was postponed, that first bankruptcy was DISMISSED on January 16, 2019 for Debtors' failure to comply with this Court's Orders to file required documents and Notice of Automatic Dismissal.**

   b. **The 2nd Bankruptcy was also a Chapter 13 filing that was filed on February 5, 2019, as case number 19-50243, THE DAY BEFORE A NEWLY SCHEDULED FORECLOSURE SALE OF FEBRUARY 6, 2019.** This was the 2nd filing orchestrated by Debtors to dodge Secured Creditor's lawful foreclosure attempts. This filing, initiated the day before a foreclosure sale and within a few weeks of the previous dismissal of the First Bankruptcy to affect the Property underscores the now blatantly obvious bad faith of debtors herein in their bad faith efforts to forestall Secured Creditor's legitimate efforts to obtain its state law remedies due to Debtor's default on its obligations, and as part of a scheme to hinder and delay Secured Creditor. Debtors are simply manipulating the bankruptcy system and this court to their improper advantage in an effort to circumvent Secured Creditor's lawful rights in protecting its interest in the Property. **In light of that bankruptcy, the foreclosure sale was postponed, that second bankruptcy was DISMISSED on May 9, 2019 for Debtors' failure to comply with this Court's Orders to file required documents and Notice of Automatic Dismissal.**

c. **The 3rd ᵈ Bankruptcy was also a Chapter 7 filing that was filed on June 4, 2019, AS CASE NUMBER 19-51143, THE DAY BEFORE A NEWLY SCHEDULED FORECLOSURE SALE OF JUNE 5, 2109.** This was the 3rd filing orchestrated by Debtors to dodge Secured Creditor's lawful foreclosure attempts. Here too, this filing, initiated the day before a foreclosure sale and within a few weeks of the previous dismissal of the 2ⁿᵈ Bankruptcy to affect the Property underscores the now blatantly obvious bad faith of debtors herein in their bad faith efforts to forestall Secured Creditor's legitimate efforts to obtain its state law remedies due to Debtor's default on its obligations, and as part of a scheme to hinder and delay Secured Creditor. Debtors are simply manipulating the bankruptcy system and this court to their improper advantage in an effort to circumvent Secured Creditor's lawful rights in protecting its interest in the Property. **In light of that bankruptcy, the foreclosure sale was postponed, that THIRD bankruptcy was DISMISSED on June 19, 2019 for Debtors' failure to comply with this Court's Orders to file required documents and Notice of Automatic Dismissal.**

d. **The HEREIN 4 ᵀᴴ Bankruptcy is a Chapter 7 filing that was filed on July 15, 2019, THE DAY OF A NEWLY SCHEDULED FORECLOSURE SALE OF JULY 15, 2109.** This was the 4ᵗʰ filing orchestrated by Debtors to dodge Secured Creditor's lawful foreclosure attempts IN LESS THAN A YEAR. Here too, this filing, initiated the day before a foreclosure sale and within a few weeks of the previous dismissal of the 3ʳᵈ Bankruptcy to affect the Property underscores the now blatantly obvious bad faith of debtors herein in their bad faith efforts to forestall Secured Creditor's legitimate efforts to obtain its state law remedies due to Debtor's default on its obligations, and as part of a scheme to hinder and delay Secured Creditor. Debtors are simply manipulating the bankruptcy system and this court to their improper advantage in an effort to circumvent Secured Creditor's lawful rights in protecting its interest in the Property. **In light of this current bankruptcy, the foreclosure sale was again postponed.**

8. The bankruptcy precludes Secured Creditor from proceeding with its foreclosure and enforcing its rights pursuant to its deed of trust, including the assignment of rents contained therein based upon Debtor(s) default, and Debtor(s) have not been making payments during the bankruptcy while enjoying its protections and benefits.

9. Secured Creditor alleges that pursuant to USC 362 (c) (3), the automatic stay is not in effect for the following reasons:

a) A single or joint case filed by or against the debtor was pending but dismissed

within the year preceding the petition date in this case;

  b) Thirty days have elapsed since the filing of the petition in the above-entitled case and an order temporarily continuing the stay expires August 16, 2019.

 10. In the alternative, Secured Creditor alleges that it is entitled to in relief from the automatic stay pursuant to USC 362 (d) (1), USC 362 (d) (2) and 362 (d) (4) for the following reasons:

  a) Principal balance due on the Note at this time is $59,999.04. As the Note has matured, the amount due on the Note in its entirety is **$106,651.09.**

  b) Debtor(s) have failed to make any regular monthly installments on the Note beginning with the October 1, 2008 installment, and there are now due, owing, and unpaid installments as set forth above in paragraph 6 of the herein Motion.

  c) Debtor(s) failure to make any post-petition payments to Secured Creditor, as required, does not provide Secured Creditor adequate protection while Debtor is are providing for payment of pre-petition debts.

  **d) Additionally, in light of the numerous bankruptcies affecting the property, Movant seeks an Order on its Motion for Relief from the Automatic Stay to protect from any further bankruptcies and/or transfers of the property which may subject Movant and/or other lien holders to further delays and stalling tactics engineered by Debtor(s) and/or other purported owners of the property to avoid the legitimate efforts of the herein Movant and other lien holders to enforce their lawful rights. Debtor(s) through their actions have manipulated and are continuing to manipulate the bankruptcy system in the avoidance of Movant's lawful rights, while all along maintaining a substantial and continuous delinquency on the obligations which are the subject of this motion.**

  10. Based upon the outstanding encumbrances and the failure of Debtor(s) to make post-petition payments, Secured Creditor is not adequately protected during Debtor(s) efforts to confirm and fund a repayment Plan for pre-petition arrearages.

Page 6
Case: 19-51412   Doc# 27   Filed: 08/02/19   Entered: 08/02/19 12:43:39   Page 6 of 8

11. In addition, Secured Creditor will have to expend sums for trustee's fees and other costs to enforce the obligation of Debtor(s).

12. By reason of Debtor(s) default, Secured Creditor has been required to engage services of counsel to recover the sums due, and under the terms of the Note and the Deed of Trust, Secured Creditor is entitled to recover reasonable attorneys' fees.

11. By reason thereof, good cause exists, including lack of adequate protection, for this Court to grant Secured Creditor relief from stay as provided by §362(d) of the Bankruptcy Code.

WHEREFORE, Secured Creditor respectfully prays for judgment against Debtor(s) as follows:

1) For an Order determining that the automatic stay be declared not in effect as provided by §362(c)(3) of the Bankruptcy Code to allow Secured Creditor, its agents, successors, and assigns to exercise and to continue to exercise its State Law Remedies, including any and all necessary actions to obtain possession of the property, and that such Order extend to all proceedings filed under the Bankruptcy Code by Debtor(s) subsequent to any date of any Order granted herein.

2) For an Order granting that the automatic stay be terminated as provided by §362(d) of the Bankruptcy Code to allow Secured Creditor, its agents, successors, and assigns to exercise and to continue to exercise its State Law Remedies, including any and all necessary actions to obtain possession of the property, and that such Order extend to all proceedings filed under the Bankruptcy Code by Debtor(s) subsequent to any date of any Order granted herein.

3) That the Order be binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the property;

4) That the Order be binding and effective in any bankruptcy case commenced by or against any successors, transferees, and or assignees of the Debtor for a period of 180 days;

5) That the Order be binding and effective in any bankruptcy case commenced by or against any Debtor who claims any interest in the property for a period of 180 days;

6) That the 14 day stay of enforcement pursuant to USC 4001 be waived.

7) For reasonable attorneys' fees.

8) For costs incurred by Secured Creditor herein.

9) For such other and further relief as the Court may deem just and proper.

Dated: July 31, 2019                     Respectfully Submitted:

                                         By:  /s/shalom rubanowitz
                                         **SHALOM RUBANOWITZ**
                                         ATTORNEY FOR SECURED CREDITOR